# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FREDDIE L. GENTRY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 7957 |
| ) | |
| **CITY OF CHICAGO POLICE** ) | |
| **DEPARTMENT**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On August 8 prisoner plaintiff Freddie Gentry ("Gentry") filed a Complaint against the "City of Chicago Police Department," using the form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint") supplied by the Clerk's Office for that purpose. Gentry accompanied that Complaint with another Clerk's-Office-supplied form: an In Forma Pauperis Application ("Application"). This memorandum order is issued sua sponte to address two basic problems posed by Gentry's submissions.

To begin with the Application, although it is accompanied by a printout of transactions in Gentry's trust fund account at the Robinson Correctional Center ("Robinson," where he is now in custody), that printout spans only the one-month time frame beginning June 28 and ending July 27, 2016, while 28 U.S.C. § 1915(a)(2) requires that transaction information "for the 6-month period immediately preceding the filing of the complaint." It does appear from the tendered statement that Gentry's account at the Robinson institution had a zero balance before receiving an initial deposit of $50 to the account on June 28, but Gentry has provided no

information as to whether or not he was held in custody at some other institution earlier in the six-month period specified in the statute.[1]

Accordingly Gentry is ordered to file on or before September 2, 2016 (1) a statement identifying any institution or institutions other than Robinson where he was held in custody at any time after February 1, 2016, together with (2) a printout or printouts of transactions in his trust fund account at every such institution during that time period. That will enable this Court to rule on Gentry's Application, including a calculation as to the required installment payment of the filing fee called for by that section.

To turn to the substance of Gentry's claim, quite apart from the fact that he has chosen to name a nonsuable entity (a matter that this Court will address if and when it proves necessary to do so), all that he has alleged is that he was arrested in February 2014, then charged with a crime (most likely, from his brief allegation, a narcotics offense) and was then released a bit more than a year later when "the cases were dropped in this matter." But being charged with a crime, held in custody and then released is not of itself a violation of constitutional rights (which is the only basis for a lawsuit under Section 1983).

Hence Gentry must file a supplement to his barebones Complaint on or before August 29, 2016 in which he provides information about his arrest and what followed that can enable this Court to determine whether or not he has an arguable claim of a violation of his constitutional rights. If he does not do so, or if the information that he furnishes does not establish a potential

---

[1] For that purpose the date of "filing" of Gentry's Complaint will be assumed under the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) to be the beginning of August 2016, so that the period for which information must be provided is the entire period beginning February 1, 2016.

Section 1983 claim, both the Complaint and this action will have to be dismissed (but any such dismissal will not excuse Gentry from the obligation to pay the filing fee for this lawsuit in future installments).

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date:  August 15, 2016